**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| In re:<br><br>DAVID MICHAEL MOBLEY*,*<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-60004 (CML) |
| JOURDAIN POUPORE, Litigation Trustee for the Mobley Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>REB TX EC VENTURES, LLC and RICHARD E. BORSTMAYER,<br><br>Defendants. | Adversary. No. 24-06002 |

**REB TX EC VENTURES, LLC AND RICHARD E. BORSTMAYER'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**
**[This instrument relates to Docket No. 1]**

Defendants REB TX EC Ventures, LLC ("Ventures") and Richard E. Borstmayer ("Borstmayer," and together with Ventures, collectively, "REB") by and through their undersigned counsel, submit their *Answer and Affirmative Defenses* (the "Answer") to *Plaintiff's Original Complaint* [Docket No. 1] (the "Complaint").[2]  To the extent any allegations in the Complaint are not expressly admitted, they are denied.  Further, any averment by REB that they

---

[1] SSN: xxx-xx-0443.

[2] The Summons in this matter was issued on January 25, 2024.  As a result, pursuant to Federal Rule of Bankruptcy Procedure 7012(a), REB's Answer was originally due to be filed by February 26, 2024.  However, pursuant to an agreement with Plaintiff, REB was afforded until March 11, 2024 to file the Answer.

lack knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial.[3]

## STATEMENT REGARDING CONSENT TO ENTRY OF
## ORDERS OR JUDGMENT IN CORE PROCEEDING

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Bankruptcy Local Rule 7012-1, REB consents to the entry of final orders or a judgment by the bankruptcy court in the above-captioned adversary proceeding (the "Adversary Proceeding").

1.      REB admits that Plaintiff is seeking the relief set forth in the first Paragraph on page 1 of the Complaint, but denies that Plaintiff is entitled to such relief.

## JURISDICTION AND VENUE

2.      REB admits the allegations contained in Paragraph 1 of the Complaint.

3.      REB admits the allegations contained in Paragraph 2 of the Complaint.

4.      REB admits the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

5.      REB admits the allegations contained in Paragraph 4 of the Complaint.

6.      REB admits the allegations contained in Paragraph 5 of the Complaint.

7.      REB admits the allegations contained in Paragraph 6 of the Complaint.

## PROCEDURAL HISTORY

8.      REB admits the allegations contained in the first sentence of Paragraph 7 of the Complaint.  REB lacks sufficient knowledge or information to admit or deny the allegations contained in the remaining sentences of Paragraph 7 of the Complaint; however, to the extent a response is required, REB denies the allegations contained in the remaining sentences of Paragraph 7 of the Complaint.

---

[3] All undefined, capitalized terms appearing in this Answer shall have the meaning(s) ascribed to such terms in the Complaint, unless otherwise defined herein.

9.      REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph 8 of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the above-captioned main bankruptcy case (the "Main Bankruptcy Case") speak for themselves, and REB denies any statements or descriptions contained in Paragraph 8 of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

10.      REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph 9 of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph 9 of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

11.      REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph ten of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph ten of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph 10 of the Complaint regarding the contents of any documents or pleadings filed of record

with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

12.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph eleven of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph eleven of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph eleven of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

13.     REB admits that the Debtor filed the Plan on December 7, 2023.  REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph twelve of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph twelve of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph twelve of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

14.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph thirteen of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph thirteen of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main

Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph thirteen of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

15.     REB admits that Plaintiff has initiated this Adversary Proceeding, however, REB denies that Plaintiff is entitled to the relief sought herein.  To the extent required, REB denies the remaining allegations contained in Paragraph fourteen of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph fourteen of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

## FACTUAL BACKGROUND

16.     REB admits that Borstmayer and the Debtor have been acquainted with each other for some time.  REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph fifteen of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph fifteen of the Complaint.

17.     REB admits that the Debtor previously owned the Property.  REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph sixteen of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph sixteen of the Complaint.

18.     REB admits the allegations contained in Paragraph seventeen of the Complaint.

19.     REB admits that Borstmayer discussed the Note with the Debtor.  REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph eighteen of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph eighteen of the Complaint.

20.     REB admits the allegations contained in Paragraph nineteen of the Complaint.

21.     REB admits the allegations contained in the first sentence of Paragraph twenty of the Complaint.  REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph twenty of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph twenty of the Complaint. By way of further response, REB submits that the records of the Wharton County Appraisal District speak for themselves, and REB denies any statements or descriptions contained in Paragraph twenty of the Complaint regarding the contents of any records of the Wharton County Appraisal District that are inconsistent with or that do not fully and accurately characterize the contents therein.

22.     REB lacks sufficient knowledge or information to admit or deny whether the Debtor currently resides in the Fulshear, Texas property; however, to the extent a response is required, REB denies that the Debtor currently resides in the Fulshear, Texas property.  REB admits the remaining allegations contained in Paragraph twenty-one of the Complaint.

23.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph twenty-two of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph twenty-two of the Complaint.  By way of further response, REB submits that the records of the Wharton County Appraisal District speak for themselves, and REB denies any statements or descriptions contained in Paragraph twenty-two of

the Complaint regarding the contents of any records of the Wharton County Appraisal District that are inconsistent with or that do not fully and accurately characterize the contents therein.

24.     REB admits that the Debtor executed a deed-in-lieu of foreclosure in favor of Ventures.   REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph twenty-three of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph twenty-three of the Complaint.  By way of further response, REB submits that the deed-in-lieu of foreclosure executed by the Debtor is filed of public record and speaks for itself, and REB denies any statements or descriptions contained in Paragraph twenty-three of the Complaint regarding the contents of the deed-in-lieu of foreclosure executed by the Debtor that are inconsistent with or that do not fully and accurately characterize the contents therein.

25.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph twenty-four of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph twenty-four of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph twenty-four of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

26.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph twenty-five of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph twenty-five of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main

Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph twenty-five of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

27.     REB admits that it did not file any proofs of claim in the Main Bankruptcy Case. REB lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph twenty-six of the Complaint; however, to the extent a response is required, REB denies the remaining allegations contained in Paragraph twenty-six of the Complaint.

28.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph twenty-seven of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph twenty-seven of the Complaint.  By way of further response, REB submits that the documents and pleadings filed of record with this Court in the Main Bankruptcy Case speak for themselves, and REB denies any statements or descriptions contained in Paragraph twenty-seven of the Complaint regarding the contents of any documents or pleadings filed of record with the Court in the Main Bankruptcy Case that are inconsistent with or that do not fully and accurately characterize the contents therein.

29.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph twenty-eight of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph twenty-eight of the Complaint.

30.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph twenty-nine of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph twenty-nine of the Complaint.

31.     REB denies the allegations contained in Paragraph thirty of the Complaint.

## CAUSES OF ACTION

32.    REB incorporates its responses to Paragraphs one through thirty of the Complaint above as if fully set forth herein.

33.    REB submits that the allegations in Paragraph thirty-one of the Complaint are merely a reincorporation of the allegations previously asserted in the Complaint, to which no response is required; however, to the extent that a response is required, REB denies the allegations contained in Paragraph thirty-one of the Complaint.

**I.    Fraudulent Transfer from Debtor to REB**

34.    REB admits that Plaintiff seeks to avoid transfers from the Debtor to Ventures, but denies that Plaintiff is entitled to the relief requested in Paragraph thirty-two of the Complaint or otherwise.

35.    REB admits the allegations contained in Paragraph thirty-three of the Complaint.

36.    REB admits the allegations contained in Paragraph thirty-four of the Complaint.

37.    REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph thirty-five of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph thirty-five of the Complaint.

38.    REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph thirty-six of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph thirty-six of the Complaint.

39.    REB denies the allegations contained in Paragraph thirty-seven of the Complaint.

40.    REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph thirty-eight of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph thirty-eight of the Complaint.

41.     REB denies the allegations contained in Paragraph thirty-nine of the Complaint.

42.     REB denies the allegations contained in Paragraph forty of the Complaint.

**II.     Conspiracy**

43.     REB denies the allegations contained in Paragraph forty-one of the Complaint.

44.     REB denies the allegations contained in Paragraph forty-two of the Complaint.

45.     REB denies the allegations contained in Paragraph forty-three of the Complaint.

46.     REB denies the allegations contained in Paragraph forty-four of the Complaint.

**III.     Preferential Transfer from Debtor to REB**

47.     REB admits the allegations contained in Paragraph forty-five of the Complaint.

48.     REB admits the allegations contained in Paragraph forty-six of the Complaint.

49.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph forty-seven of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph forty-seven of the Complaint.

50.     REB lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph forty-eight of the Complaint; however, to the extent a response is required, REB denies the allegations contained in Paragraph forty-eight of the Complaint.

51.     REB denies the allegations contained in Paragraph forty-nine of the Complaint.

52.     REB denies the allegations contained in Paragraph fifty of the Complaint.

**IV.     Post-Petition Foreclosure and Transfer to REB**

53.     REB admits that Plaintiff seeks to avoid a transfer, but denies that Plaintiff is entitled to any relief requested in Paragraph fifty-one of the Complaint.

54.     REB admits the allegations contained in Paragraph fifty-two of the Complaint.

55.     REB submits that the records of the Wharton County Appraisal District are public records and speak for themselves, and REB denies any statements or descriptions in Paragraph fifty-three of the Complaint regarding the contents of any records of the Wharton County Appraisal District, or any other public records, that are inconsistent with or that do not fully and accurately characterize the contents therein.

56.     REB denies the allegations contained in Paragraph fifty-four of the Complaint.

57.     REB denies the allegations contained in Paragraph fifty-five of the Complaint.

58.     REB denies the allegations contained in Paragraph fifty-six of the Complaint.

59.     REB admits that Plaintiff seeks to recover attorneys' fees, but denies that Plaintiff is entitled to any relief requested in Paragraph fifty-seven of the Complaint.

60.     REB admits that Plaintiff seeks to the relief requested in the Prayer Paragraph on page 9 of the Complaint, but denies that Plaintiff is entitled to any relief requested in the Prayer Paragraph on page 9 of the Complaint.

## **AFFIRMATIVE DEFENSES**

61.     The transfer or transfers described in the Complaint (the "Transfers") were made in the ordinary course of business and pursuant to ordinary business terms in accordance with 11 U.S.C. § 547(c)(2).

62.     The Transfers did not enable REB to receive more than they would have received if: (i) the Main Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and, (iii) REB received payment to the extent provided by the Bankruptcy Code.

63.     The Transfers were made as a contemporaneous exchange for new value and new value was given pursuant to 11 U.S.C. § 547(c)(1).

64.     New value was given after the Transfers described in the Complaint in accordance with 11 U.S.C. § 547(c)(4).

65.     The Debtor was not insolvent as of the date of the Transfers and/or did not become insolvent as a result of the Transfers.

66.     The Debtor was not engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfers was made was an unreasonably small capital.

67.     The Debtor did not intend to incur, nor believed he would incur, debts beyond his ability to pay upon maturity in connection with the Transfers.

68.     The Debtor received reasonably equivalent value in exchange for the Transfers.

69.     REB retains a lien on the Property or may enforce attendant obligations in connection therewith pursuant to 11 U.S.C. § 548(c).

70.     REB was not the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.  In the alternative, REB is a good faith transferee in accordance with 11 U.S.C. § 550(b) and is entitled to a lien against the Property in accordance with 11 U.S.C. § 550(e).

71.     REB reserve their right to assert additional affirmative defenses.

## **PRAYER**

REB respectfully requests that the relief sought in the Complaint be denied and that this Court enter a judgment and order that Plaintiff take nothing on account of his claims asserted in the Complaint.  REB also requests such other and further relief to which it may be justly entitled, both at law and in equity.

**DATED: March 11, 2024.**

**WINSTEAD PC**
600 Travis Street
Suite 5200
Houston, Texas 77002
Telephone:  (713) 650-8400
Facsimile:  (713) 650-2400

By:    /s/ Sean B. Davis
         Sean B. Davis
         Texas Bar No. 24069583
         S.D. Tex. No. 1048341
         Kyle R. Watson[*]
         Texas Bar No. 24047078
         S.D. Tex. No. 572417
         Rusty D. Sewell[*]
         Texas Bar No. 24073590
         S.D. Tex. No. 2469184

**ATTORNEYS FOR REB TX EC VENTURES, LLC and RICHARD E. BORSTMAYER**

### Certificate of Service

I hereby certify that on March 11, 2024, notice of this document will be electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this adversary proceeding pursuant to the Electronic Filing Procedures in this District.

         /s/ Sean B. Davis
         One of Counsel

---

[*] Resident in Winstead's The Woodlands Office, 24 Waterway Avenue, Suite 500, The Woodlands, Texas 77380.